# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **R.N.**

**No. 21-0860** (Mercer County 20-JA-37)

## MEMORANDUM DECISION

Petitioner Mother M.B., by counsel John G. Byrd, appeals the Circuit Court of Mercer County's September 21, 2021, order terminating her parental, custodial, and guardianship rights to R.N.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Patricia Kinder Beavers, filed a response on the child's behalf in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in failing to issue a dispositional order with sufficient factual findings to support termination of her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2020, the DHHR filed a child abuse and neglect petition alleging that petitioner's substance abuse negatively affected her ability to parent then-one-year-old R.N. The DHHR alleged that petitioner overdosed in January of 2020 and tested positive for opiates, benzodiazepines, and cocaine. Then, in February of 2020, the DHHR alleged that petitioner and the father were evicted from their apartment due to nonpayment of rent and they had no income. Finally, the DHHR alleged that it initiated a temporary protection plan in March of 2020. Afterward, the DHHR received a report that petitioner was "passing out while standing up and

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

under the influence of heroin" while caring for R.N. Following that report, petitioner tested positive for marijuana, methamphetamine, opiates, and oxycontin.

The circuit court convened several preliminary hearings that were continued due to the DHHR's failure to serve petitioner with the petition. Petitioner later testified that she and the father left West Virginia after the child was removed from their custody to reside and work in North Carolina. The circuit court ordered the DHHR to serve petitioner by publication, which it attempted in Mercer County, as well as in North Carolina. In October of 2020, the DHHR submitted a certificate of publication. The circuit court found that petitioner had been properly served and ratified the child's removal from petitioner's care.

In November of 2020, the circuit court held an adjudicatory hearing, and petitioner, who appeared in person and by counsel, stipulated that her substance abuse negatively affected her ability to parent the child. Thereafter, petitioner was granted a post-adjudicatory improvement period. Petitioner agreed to participate in a substance abuse treatment program, random drug screens, parenting and adult life skills classes, and supervised visitation with the child. Petitioner also agreed to maintain suitable housing and employment.

The circuit court held a review hearing in March of 2021. Petitioner did not appear, but counsel represented her. The DHHR reported that, after the adjudicatory hearing, petitioner told the DHHR worker that she was returning to North Carolina. The DHHR further reported that it had not had "regular contact" with petitioner and had no way of knowing whether petitioner was meeting the terms of her improvement period while she lived in North Carolina. Petitioner's counsel stated that his secretary spoke with petitioner on February 25, 2021, and left a brief message but that he had had no direct contact with her since the previous hearing. The circuit court scheduled a dispositional hearing.

In May of 2021, the circuit court convened for a dispositional hearing. Petitioner appeared in person and by counsel. The DHHR moved to continue the proceeding to file a motion to terminate petitioner's parental rights, which the circuit court granted. The DHHR's later-filed motion to terminate petitioner's parental rights alleged that petitioner failed to comply with a reasonable family case plan. The DHHR explained that petitioner had had no contact with the DHHR, "except for two (2) or three (3) phone calls/texts." The circuit court held another dispositional hearing in July of 2021, which petitioner failed to attend. However, the parties agreed to continue the proceedings as petitioner's counsel experienced a medical emergency and was unable to be present for the hearing.

The circuit court held the final dispositional hearing in August of 2021. Petitioner appeared in person and by counsel. Petitioner's DHHR case worker testified that petitioner agreed to the terms of a family case plan in November of 2020 and then immediately informed the worker that she was leaving West Virginia to reside in North Carolina. She testified that she had "sporadic" contact with petitioner and had not been able to establish services due to petitioner's lack of contact. The worker clarified that petitioner had made no progress in the terms of her improvement period and had not visited with R.N. since he was removed from her care. The worker also testified that petitioner provided information that she was participating in a

substance abuse treatment program in North Carolina, but the worker was unable to "[e]ffectively track" petitioner's progress in that program.

Petitioner testified that she was currently enrolled in a nine-to-twelve-month inpatient substance abuse treatment program in Charleston, West Virginia, which she began in late July of 2021. She explained that prior to entering the program in Charleston, she was in an outpatient program in North Carolina and was "two weeks from graduating that program" when she learned that an inpatient treatment program was required. Despite participating in that outpatient program, petitioner admitted that she tested positive for methamphetamine when she entered the treatment program in West Virginia. Petitioner explained that she left West Virginia and returned to North Carolina early in the proceedings because she had no income or housing in West Virginia, but could obtain employment at a Burger King restaurant in North Carolina.

Following arguments in support of the parties' respective positions, the circuit court declared that it "always ha[s] to look at what [is] in the best interest of the child. Based on the evidence presented, the [c]ourt finds that there is no reasonable likelihood that [petitioner] could complete an improvement period. And, therefore, I am terminating the parental, custodial and guardianship rights of [petitioner]."

The circuit court's dispositional order and its relevant findings were brief:

> The [c]ourt [finds] by clear and convincing evidence that there is no alternative but to terminate any and all rights including any parental, custodial, and guardianship rights of [petitioner] based on her failure to comply with the requirements of a reasonable Family Case Plan designed to lead to her child's return to her care, custody, and/or control.

> Therefore, the [c]ourt [finds] it is in the best interest of the child to terminate any and all rights including any parental, custodial, and guardianship rights of [petitioner] and that there is no reasonable likelihood that the conditions of neglect can be substantially corrected in the near future.

Finally, the circuit court found that the DHHR was making reasonable efforts toward finalizing the permanency plan for the child. The court entered its order terminating petitioner's parental, custodial, and guardianship rights to the child on September 21, 2021. Petitioner now appeals that order.[2]

The Court has previously held:

---

[2]The father's parental, custodial, and guardianship rights were also terminated below. According to the parties, the permanency plan for the child is adoption in his current placement.

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court's dispositional order erroneously concludes that termination of her parental rights was necessary for the welfare of the child and that the circuit court's dispositional order contains insufficient findings of fact to support the circuit court's ultimate decision. She relies on *In re Lilith H.*, where this Court explained that an order is "inadequate" if it fails to state the statutory findings required by the disposition statute. *See* Syl. Pt. 9, *In re Lilith H.*, 231 W. Va. 170, 744 S.E.2d 280 (2013) (quoting Syl. Pt. 4, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001)). Petitioner asserts that the circuit court's order must be vacated and remanded for the entry of an order that includes additional factual findings. Upon our review of the dispositional order and transcript, this Court disagrees.

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate a parent's parental, custodial, and guardianship rights upon finding that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the child. Further, West Virginia Code § 49-4-604(d)(3) provides that there is no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected when

[t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Here, the circuit court correctly found that there was no reasonable likelihood that petitioner could correct the conditions of neglect or abuse because she failed to follow through with a reasonable family case plan. Petitioner agreed to the terms of a case plan in November of 2020 but left West Virginia immediately thereafter. West Virginia Code § 49-4-610(4)(A) provides that the parent "shall be responsible for the initiation and completion of all terms of the improvement period." However, when petitioner appeared for her August of 2021 dispositional hearing, she had not completed a single term of her improvement period. There was no evidence

presented that petitioner participated in any parenting or adult life skills classes or random drug screening and no evidence that petitioner maintained a suitable home or employment during the improvement period. Petitioner testified that she nearly completed an outpatient substance abuse treatment program. However, she also admitted that she used methamphetamine following that treatment, as recently as one month prior to the final dispositional hearing.

In addition to petitioner's ongoing substance abuse, her lack of contact with the child is particularly concerning. R.N., who was just one year old at the time the petition was filed, had not interacted with petitioner since the filing of the petition. "We have previously pointed out that the level of interest demonstrated by a parent in visiting his or her children while they are out of the parent's custody is a significant factor in determining the parent's potential to improve sufficiently and achieve minimum standards to parent the child." *In re Katie S.*, 198 W. Va. 79, 90 n.14, 479 S.E.2d 589, 600 n.14 (1996) (citations omitted). We have further recognized that children "under the age of three years . . . are more susceptible to illness [and] need consistent close interaction with fully committed adults." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4, in part (internal citation omitted). The DHHR worker testified that petitioner's failure to communicate with the DHHR and participate in services prevented the implementation of a supervised visitation schedule. Rather than participate in the proceedings, petitioner absented herself and lost contact with young R.N.

To petitioner's point, this Court held that

> "[w]here a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code [§ 49-4-604] on the record or in the order, the order is inadequate."

*Edward B.,* 210 W.Va. at 625, 558 S.E.2d at 624, Syl. Pt. 4, in part. While we agree that the circuit court could have been more thorough in its findings of fact and conclusions of law regarding termination of petitioner's parental rights, we find no benefit to remanding this matter for entry of a new order. The evidence is uncontradicted. Petitioner bore the obligation of completing the terms of her family case plan but made no progress toward remedying the conditions of neglect and abuse in the fifteen months the proceedings were pending. We have held that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009). Based upon the record before this Court, we cannot conclude that the circuit court substantially disregarded or frustrated the

5

applicable rules and statutes, and, therefore, we find that vacation of the circuit court's dispositional order is unnecessary and would delay permanency for the child.

Finally, the circuit court appropriately found that there was no reasonable likelihood that the conditions of neglect or abuse could be corrected in the near future because petitioner failed to follow through with a reasonable family case plan. This Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Based on this finding, the circuit court was well within its discretion to terminate petitioner's parental rights to R.N., and we find no abuse of discretion upon our review.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 21, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: April 14, 2022

**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

**DISSENTING:**

Justice Elizabeth D. Walker would vacate and remand for the entry of a sufficient dispositional order.